UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN F. DILLARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUDGE BASTIN, United States District Court Judge; AGENT IN CHARGE OF UNIT, Ada County Sheriff's Office; OFFICER COLIN STARRY, U.S. Probation Officer; and CRYSTAL LALEMAN, U.S. Probation Officer;<br><br>　　　　Defendants. | Case No. 1:22-cv-00286-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff, Jonathan F. Dillard, is proceeding *pro se* in this action, and has moved to proceed *in forma pauperis* (without payment of fees). (Dkt. 1.) He brings claims against Judge Bastin; Agent in Charge at the Ada County Sheriff's Office; U.S. Probation Officer Colin Starry; and U.S. Probation Officer Crystal Laleman.

For the reasons set forth below, the Court will dismiss the Complaint (Dkt. 2) for failure to comply with Federal Rule of Civil Procedure 8(a). However, the Court will grant Plaintiff leave to file an amended complaint within thirty days that

complies with Rule 8(a) if he believes he can allege factual allegations that establish a cognizable claim against the defendants under the applicable legal standards.

## SCREENING REQUIREMENT AND RULE 8(a)

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court will screen the complaint under 28 U.S.C. § 1915, which requires the Court to dismiss a case if the Court determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the sufficiency of a complaint, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most

favorable to the" plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Further, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

## ANALYSIS

### A. Failure to Comply with Rule 8(a)

As set forth above, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, the complaint must demonstrate that each named defendant personally participated in the deprivation of the plaintiff's rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if the complaint is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins*. Co.,

651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). A court may also dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's Complaint is not a short and plain statement of his claims. The complaint is 91 pages long, including numerous attachments. Much of the handwritten portions of Plaintiff's complaint are not legible or are otherwise difficult to impossible to read and decipher. Further, the Court's review of portions of the Complaint reveal that much if not most of the Complaint does not even refer to the named defendants and appears to be unrelated to any claim against the named defendants. The Court will therefore dismiss the Complaint for failure to comply with Rule 8(a).[1] The Court will, however, grant Plaintiff leave to amend if he believes that he can file a complaint that complies with Rule 8(a) and state a cognizable claim against the named defendants. The Court provides Plaintiff with the following guidance.

### B. Section 1983 liability

Based on the allegations in the Complaint, it appears that Plaintiff is seeking

---

[1] The Complaint may also violate Federal Rules of Civil Procedure 18 and 20 by bringing multiple unrelated claims in a single action.

to bring civil rights claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (internal quotations omitted). "The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." *Id.* (internal quotations omitted).

### C. Claim against Defendant Judge Bastin

Plaintiff has named Judge Bastin as a defendant in this action.[2] From what

---

[2] The Court is unaware of any judge in the Pacific Northwest with the surname Bastin. The plaintiff may be referring to Judge Stanley A. Bastian, a United States District Judge from the Eastern District of Washington who has presided over cases in the District of Idaho as a visiting judge.

the Court can discern from the Complaint, it appears that Plaintiff is challenging orders issued by Judge Bastin in his capacity as a U.S. District Court Judge.

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.' " *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871) ). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley*, 80 U.S. at 351).

There is a "distinction between lack of jurisdiction and excess of jurisdiction," *Stump*, 435 U.S. at 357 n.7, as illustrated by the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n.7 (citing *Bradley*, 80 U.S. at 352).

If Plaintiff chooses to file an amended complaint, he will need to provide a short and plain statement of the facts describing what Judge Bastin did or did not do to violate Plaintiff's rights. This short and plain statement must include factual

allegations demonstrating that the challenged acts taken by Judge Bastin were not in the exercise of his judicial functions, or that Judge Bastin was acting in the clear absence of all jurisdiction.

### D. Remaining Defendants

As to the remaining defendants—Agent in Charge at the Ada County Sheriff's Office, U.S. Probation Officer Colin Starry and U.S. Probation Officer Crystal Laleman—Plaintiff will need to provide a short and plain statement of the facts describing what each of these defendants did or did not do to violate his rights. If Plaintiff does not know the name of a defendant, he may describe the defendant to the best of his ability and name them as a "Doe Defendant," such as "Doe Defendant, agent in charge at Ada County Sheriff's Office on xxx date."

### E. Leave to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and cures the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must comply with Rule 8(a) by containing a short and plain statement of the facts

showing that he is entitled to relief. This short and plain statement must describe what each of the defendants did or did not do to violate his rights. Any amended complaint must also be legible, and will be limited to 25 pages in length.

Finally, Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Complaint is DISMISSED without prejudice.

2. Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this order.

3. If Plaintiff fails to timely file an amended complaint, or files an amended complaint that fails to comply with the guidelines set forth above, this case may be dismissed without further notice.

4. The motion to expedite, filed November 3, 2022 (Dkt. 11), is DENIED as moot.

DATED: November 4, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**