UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN F. DILLARD,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE STANLEY BASTIAN, COLIN STARRY, CRYSTAL LALEMAN, and ADA COUNTY SHERIFF'S,<br><br>Defendants. | Case No. 1:22-cv-00286-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff, Jonathan F. Dillard, is proceeding *pro se* in this action and has applied to proceed *in forma pauperis*. Dkts. 1, 5. The Court previously screened his complaint, which was dismissed for failing to comply with Federal Rule of Civil Procedure 8(a). *See* Dkt. 12. However, the Court granted Plaintiff leave to file an amended complaint within thirty days. *Id.*

Following the Court's dismissal, Plaintiff requested an additional extension of time to file an amended complaint. Dkt. 13. Plaintiff's request was predicated on a need to obtain adequate funding to retain legal counsel to assist him with his

MEMORANDUM DECISION AND ORDER - 1

case. *Id.* As Plaintiff explained, he has some mental conditions that make it impossible to proceed without the assistance of legal counsel. *Id.*; *see also* Dkt. 14. The Court found that the requested extension of six to eight months was not reasonable; however, the Court granted Plaintiff an additional three-month extension, setting the deadline for March 6, 2023. *See* Dkt. 15.

Since then, Plaintiff has submitted voluminous filings to the Court. *See* Dkts. 16-37. From what the Court can discern, Plaintiff's motions can be categorized into three general categories. First, Plaintiff seeks a court-appointed legal liaison or interpreter. *See* Dkt. 17, 19, 24, 29, 30, 37. Second, Plaintiff seeks a temporary suspension of the conditions of his supervised release. *See* Dkts. 27, 29, 31, 36. Third, Plaintiff requests that this Court either issue subpoenas on Plaintiff's behalf or accept other "evidence." *See* Dkts. 19, 20, 21, 22, 26, 34.

On January 23, 2023, Plaintiff filed an Amended Complaint. *Amend. Compl.*, Dkt 33. Seven days later, Plaintiff filed a Second Amended Complaint. *Second Amend. Compl.*, Dkt. 35. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Second Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial Complaint. Therefore, the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A,

rendering the entirety of Plaintiff's pending motions moot.

## ANALYSIS

### A.   Screening of the Second Amended Complaint.

As discussed, Plaintiff has filed two amended complaints with the Court. Dkts. 33, 35. As an initial note, Plaintiff was not provided leave to file a second amended complaint. *See* Fed. R. Civ. P. 15(a)(2). However, given the Plaintiff's pro se nature, the Court will review Plaintiff's Second Amended Complaint, which is a more complete and legible complaint. *Compare Second Amend. Compl.*, Dkt. 33, *with First Amend. Compl.*, Dkt. 35. Further, this appears to comport with Plaintiff's wishes. *See Second Amend. Compl.* at 1, Dkt. 35 (the title of the Second Amended Complaint states, "Please Acc[e]pt the Following Revised Complaint as the Amended Complaint."). Accordingly, Plaintiff's Second Amended Complaint is the operative complaint in this case. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect.").

### 1.  Pleading Standard.

As previously explained, the Court must dismiss an *in forma pauperis* complaint, or any portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**MEMORANDUM DECISION AND ORDER - 3**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Failure to State a Claim under 8(a).

As set forth above, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, the complaint must demonstrate that each named defendant personally participated in the deprivation of the plaintiff's rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if the complaint is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins*. Co.,

651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). A court may also dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's Second Amended Complaint continues to suffer from the same fatal flaws as his first. While Plaintiff has shortened his Second Amended Complaint, it is still 30 pages, contains multiple duplicates, and again attaches numerous unreferenced exhibits. Further, Plaintiff's Second Amended Complaint contains a series of unclear and truncated statements that do not logically relate to any of the alleged constitutional violations, nor do they appear to relate to any of the named defendants in a meaningful way. The Court will therefore dismiss Plaintiff's Second Amended Complaint for continuing to fail to comply with Rule 8(a). *See Starr*, 652 F.3d at 1216.

3. **Section 1983 and *Bivens* Claims.**

Plaintiff's Second Amended Complaint also fails to adhere to the directives this Court provided regarding Plaintiff's civil rights claims. The Second Amended

Complaint still appears to be alleging claims under U.S.C. 42 § 1983.[1] *See Second Amend. Compl.* at 5, Dkt. 35. As discussed below, the Second Amended Complaint fails to state a claim for which relief may be granted against any of the named defendants.

### a. Claims Against Judge Bastian

Plaintiff has continued to fail to state a claim against Judge Bastian. As the Court previously noted, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley*, 80 U.S. at 351). Accordingly, the Court directed Plaintiff that if he decided to file an amended complaint, he must include factual

---

[1] While Plaintiff only alleges a § 1983 claim, he appears to be more accurately alleging a *Bivens* claim regarding those named defendants who are federal employees. However, the analysis for both claims is the same. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under §1983 by a federal actor under *Bivens*.")

**MEMORANDUM DECISION AND ORDER - 6**

allegations demonstrating that Judge Bastian's actions were not in the exercise of his judicial functions or that Judge Bastian was acting in the clear absence of all jurisdiction.

Plaintiff's Second Amended Complaint fails to do so. From the limited allegations that the Court could attribute to Judge Bastian, the challenged conduct not only alleges insufficient facts to state a claim, but it also appears to fall squarely within his judicial functions. *See Second Amend. Comp.* at 23, Dkt. 35 ("attached is a copy of the docket from the criminal case as to the judge, Stanley Bastian in stating the documents are not here[,]" and "[f]alse accusations made by Stanley Bastian and Jason Whatcott after my incarceration in the court system itself"). Therefore, Plaintiff has not stated a viable claim against Judge Bastian.

Moreover, it has become increasingly apparent that Plaintiff's primary purpose of this litigation is to challenge his prior criminal conviction. *See Second Amend. Compl.* at 23, Dkt. 35. (Plaintiff claims that "[he] was wrongfully convicted of a crime [he] did not commit" and that he "did not receive a fair and impartial hearing"). However, challenges to the validity of Plaintiff's underlying conviction would be properly brought under the habeas corpus statutes, not a § 1983 claim.

In *Wilkinson v. Dotson*, the Supreme Court explained that "civil tort actions

**MEMORANDUM DECISION AND ORDER - 7**

[specifically § 1983 claims] are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 544 U.S. 74, 80, (2005) (quoting *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). Further, where establishing the basis for a damages claim necessarily demonstrates the invalidity of the conviction, a civil rights action will not lie unless and until the plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486-87; *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (holding "that the rationale of *Heck* applies to Bivens actions."). Simply put, "*Heck* prohibits the use of [civil rights claims] to attack the validity of a conviction, because a recovery in the damages action would necessarily imply that the conviction was wrongfully obtained." *Furnace v. Giurbino*, 838 F.3d 1019, 1027 (9th Cir. 2016).

To the extent that Plaintiff's claims challenge his underlying conviction, he cannot do so until his conviction has already been invalidated. However, the Ninth Circuit has already denied Plaintiff's attempt at seeking habeas relief. *See Dillard v. United States of America*, 21-cv-00260-SAB, Dkt. 7. Accordingly, Plaintiff cannot use this lawsuit as a means to pursue any claim that seeks to invalidate his

**MEMORANDUM DECISION AND ORDER - 8**

underlying action. *See Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (finding a plaintiff's self-imposed failure to timely pursue habeas relief is not a "shield against the implications of *Heck*.")

> b. *Claims Against the Other Named Defendants*

Plaintiff's Second Amended Complaint continues to name U.S. Probation Officer Colin Starry and U.S. Probation Officer Crystal Laleman as defendants. *See Second Amend. Compl*. at 1, Dkt. 35. The Second Amended Complaint slightly modifies the fourth named defendant to "John Doe, Sargent in charge of sex offender unit ada county Sherriff." *Id*. As with the original Complaint, Plaintiff's Second Amended Complaint does not allege facts that could be attributed to any of the named defendants. Rather, the majority of Plaintiff's claims appear to be against "Brad. R of the Attorney Generals office" and "Justin Whatcott." *Id*. at 23. However, Plaintiff has not named either individual as a defendant in this matter. The only allegation potentially related to any of the named defendants the Court could find is Plaintiff's claim of "interference with the current court procedures with this court by the US probation officers." *Id*. at 5. This conclusory statement, with nothing more, is insufficient to state a claim against the remaining named defendants. *See Starr*, 652 F.3d at 1216.

Because Plaintiff's Second Amended Complaint failed to resolve the issues

**MEMORANDUM DECISION AND ORDER - 9**

in the original Complaint, the Court will dismiss this case.

### B. The Court will not appoint Plaintiff counsel or a "court liaison."

While the dismissal of this case renders the entirety of Plaintiff's remaining motions moot, given Plaintiff's numerous requests for a court-appointed "legal liaison" or "interpreter" to help him pursue his claims, the Court will address the issue to provide Plaintiff with a more thorough explanation of the Court's refusal to appoint counsel. *See* Dkts. 17, 19, 24, 29. Despite Plaintiff's failure to clearly articulate his request or its legal basis, in pursuit of applying the liberal standards applied to pro se litigants, the Court will interpret these filings as a request to appoint pro bono counsel.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, 28 U.S.C. § 1915(e)(1) grants a district court the discretion to "request an attorney to represent any person unable to afford counsel." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995), *as amended* (May 24, 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). Under section 1915(e)(1), counsel should be appointed only in "exceptional circumstances." *Valdez*, 560 F.3d at 970. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the

ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. *Id*. Neither factor is dispositive, and both must be evaluated together. *Id*.

First, as discussed above, Plaintiff's Second Amended Complaint continues to fail to state a claim for which relief can be granted. Therefore, the first factor inherently weighs strongly in favor of denying Plaintiff's request.

Second, while the Court is sympathetic to Plaintiff's apparent challenges with some form of an intellectual disability, he has shown an ability to, at a minimum, adequately interact with the judicial system. Since the beginning of this case, Plaintiff has submitted more than thirty different filings to the Court without the assistance of counsel. Included in those filings was a successful request for an extension of time and two separate applications to proceed *in forma pauperis*, both of which appear to be adequately completed. *See* Dkt. 1, 5. Thus, Plaintiff has demonstrated that his unique personal circumstances are not such that he was inherently unable to provide the Court with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the Court does not find that the appointment of an attorney is warranted.

### C. Plaintiff's Remaining Motions

Pursuant to the Court's determination that Plaintiff's Second Amended Complaint has failed to state a claim for which relief may be granted and its decision to dismiss this case, the remainder of Plaintiff's motions will be dismissed as moot.[2] Specifically, the Court will deny Plaintiff's applications to proceed *in forma pauperis*. Dkts. 1, 5. Additionally, Plaintiff has no right to serve discovery requests without a pending action. Therefore, the Court will also deny Plaintiff's request for the Court to issue subpoenas. Dkts. 20, 29.

Next, Plaintiff's Motion Submitting Further Evidentiary Evidence does not appear to make any legal request. Dkt. 34. Rather, it appears to be a letter to the Court. Accordingly, the Court will dismiss Plaintiff's Motion. Plaintiff has also filed a motion that is handwritten and illegible. *See* Dkt. 25. As such, the Court will similarly dismiss the motion.

Lastly, the Court does not find it appropriate to address Plaintiff's requests to modify his conditions of supervised release in this civil case. Dkts. 27, 31, 36. Especially because Plaintiff has provided no legal authority for his request nor any adequate justification to modify the conditions of his supervised release.

---

[2] While the Court has attempted to reasonably address the requests contained in the lengthy motions filed by Plaintiff, many of the motions are nearly impossible to distill down to a legally recognizable request. Accordingly, the Court has done its best to try and adequately represent Plaintiff's motions.

Accordingly,

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Second Amended Complaint (Dkt. 35) is **DISMISSED**.

2. Plaintiff's applications to proceed In Forma Pauperis (Dkts. 1, 5) are **DENIED** as moot.

3. Plaintiff's requests for a Court appointed attorney (Dkts. 17, 30, 37) are also **DENIED**.

4. Plaintiff's motions for a modification of his supervised release (Dkts. 27, 31, 36) are **DENIED**.

5. Plaintiff's motions for the issuance of subpoenas (Dkt. 20, 29) are **DENIED**.

6. Plaintiff's motions (Dkts. 25, 34) are **DENIED**.

6. **IT IS FURTHER ORDERED** that this case is dismissed.

DATED: February 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 13**